Deaderiok, J.,
delivered the opinion of the Court.
The bill, in this case, was filed to enjoin a judgment at law, obtained against the complainant by defendant, Patton, in the Circuit Court of Grundy County.
The ground stated in the bill, is, that since the trial at law, complainant has discovered payments to the amount of $500 or $600, and he did not know that he could make this proof until after the judgment and adjournment of Court.
Complainant states, further, that he used all diligence *109 to get this proof, but did not succeed until after the trial.
Defendant demurred to the bill, and the Chancellor sustained the demurrer and dismissed the bill, from which decree complainant appealed to this Court.
How and -when the payments were made is not stated, nor is it stated what acts of diligence were used to obtain the proof, nor why he was unable to succeed.
A party will not be aided by a Court of Chancery, after a judgment at law, unless he can impeach the justice of the verdict on grounds of which he could not have availed himself at law, or unless he was prevented from doing it by fraud, or accident, or mistake, or the act of the adverse party, unmixed with negligence or fault on his part. And all this should be alleged and shown in the bill, by the statement of the facts which the party relies upon as constituting the grounds of his relief, so that the Court may be enabled to determine •whether they are sufficient.
It will not suffice to charge, in general terms, that he was prevented from making his defense at law by accident or mistake, without disclosing in his bill the nature of the one or the other. So it is not sufficient to exonerate himself from the presumption of negligence to allege, in general terms, that he has used diligence. He should show what he has done, to enable the Court to determine whether he has used that degree of diligence which the law requires he should use in the particular case.
There is no error in the Chancellor’s decree, sustaining the demurrer and dismissing the bill, and we affirm it.'